UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
RICHARD GIGLIO,

                    Plaintiffs.

- against -

DEL MONTE FOODS, INC.,

                    Defendants.
-----------------------------------------------------------------------X

**CIVIL COMPLAINT**

Case No.: 21-cv-4993

JURY TRIAL DEMANDED

Plaintiff, complaining of the Defendant, through his attorneys, LAW OFFICE OF CANER DEMIRAYAK, ESQ, P.C., respectfully alleges as follows:

## THE PARTIES

1. That at all times mentioned herein, Plaintiff, RICHARD GIGLIO, was and still is a resident, citizen and domiciliary of County of Queens, State of New York.

2. That at all times herein mentioned, Defendant DEL MONTE FOODS, INC., was and still is a foreign corporation duly organized and existing under and by virtue of the laws of the State of California and is a resident, citizen and domiciliary of California as such state is where this defendant maintains its nerve center and principal place of business.

3. That at all times herein mentioned, Defendant DEL MONTE FOODS, INC., maintains its headquarters at 205 North Wiget Lane, Walnut Creek, California 94598.

## JURISDICTION AND VENUE

4. That this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332(a)(1), as a consequence of the fact that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of the State of New York and a citizen or subject of a foreign State.

5. That there is complete diversity between all plaintiffs and all defendants.

6. This Court has personal jurisdiction over the defendant herein because it has availed themselves of the privilege of conducting activities within the State of New York and this district; and have engaged in the activities giving rise to this lawsuit within the State of New York and this district.

7. Venue is appropriate in this Court as per 28 U.S.C. 1391(a)(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district in Queens County, State of New York.

## STATEMENT OF FACTS

8. On April 23, 2021, the plaintiff opened a can of Del Monte – 100 Calorie – Cherry-Chunky Mixed Fruit can bearing barcode number 2400001539 ("Food Product"). *See* Exhibit "1"

9. On April 23, 2021, the plaintiff began to enjoy the contents of the Food Product, which was supposed to include only safe to eat peaches, pears and cherries.

10. However, while enjoying the contents of this can a large hard and sharp object was caused to be lodged into plaintiff's throat.

11. The plaintiff was unable to breathe and tried vigorously to cough the hard and sharp object up so as to not choke to death.

12. After causing damage to his throat and mouth the plaintiff was able to spit up the large hard and sharp object.

13. The plaintiff then observed the item which was at least 7 millimeters long if not over 1 ½ inches long. *See* Exhibit "2."

14. Immediately after the incident the plaintiff called counsel and provided the dangerous food object and Food Product to counsel for safe keeping. *See* Exhibit "3."

15. That no warnings were included on the labels to the Food Product of the large hard and sharp object contained in the Food Product.

16. That Prior to April 23, 2021, the plaintiff purchased the subject Food Product.

17. That plaintiff used the subject Food Product in conformity with its directions, as intended and as foreseeable as to the Defendant

18. That the plaintiff has been treating with physicians to address the physical harm caused to his throat.

19. That as a result of the above incident, plaintiff sustained and suffered significant, serious, debilitating and permanent injuries, including extreme physical pan, discomfort, loss of sensation, fear, hypersensitivity and mental anguish, requiring medical care.

20. Plaintiff has incurred past and will incur future medical care and treatment related expenses.

**AS AND FOR A FIRST CAUSE OF ACTION**
**COMMON LAW NEGLIGENCE AND NEGLIGENCE PER SE BY REASON OF DEFENDANT'S VIOLATION OF 21 U.S.C. 342(a)(1) BY NEGLIGENTLY PERMITTING ADULTERATED SUBSTANCES TO BE PRESENT IN ITS FOOD**

21. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs as if fully set forth herein.

22. At all times material hereto, the Defendant had a duty to exercise reasonable care to consumers, including Plaintiff herein, in the design, development, manufacture, testing, inspection, packing, promotion, marketing, distribution, labeling, and/or sale of Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit.

23. The Defendant, breached their duty of reasonable care to Plaintiff in that they negligently designed, developed, manufactured, tested, inspected, packaged, promoted, marketed, distributed, labeled and/or sold Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit.

24. Plaintiff's individual injuries and damages alleged herein were and are the direct and proximate result of the carelessness and negligence of the defendant as follows:

   a. The Defendant knew or should have known that consumers, such as plaintiff would be unaware of the existence of hard, sharp and long objects in the Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit and foreseeably suffer injury as a result of the Defendant's failure to exercise reasonable and ordinary care.

   b. In its design, development, research; manufacture, formulation, testing, packaging, promotion, marketing sale and/or distribution of Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit;

   c. In its failure to warn or instruct, and/or adequately warn or adequately instruct users of the subject product, including plaintiff, of Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit's dangerous and defective characteristics;

   d. In failing to perform appropriate pre-market testing of Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit or its food contents, ingredients and substances;

   e. In failing to perform appropriate post-market testing of Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit or its food contents, ingredients and substances;

   f. In failing to perform appropriate post-market surveillance of Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit or its food contents, ingredients and substances;

   g. In failing to use reasonable care to avoid the presence of hazardous ingredients, substances and particles in Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit

25. Moreover, the Defendant is negligent *per se* as the Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit contained an illegal adulterated substance in violation of 21 U.S.C.

342(a)(1) and the regulatory guidance implementing the definition of adulterated food as a hard and sharp object measuring at least 7 to 25 millimeters in length was contained in the Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit and injured plaintiff.

26. Additionally, the Defendant is negligence as per the doctrine of *res ipsa loquitor*.

27. As alleged herein, as a direct and proximate result of the Defendant's negligence and wrongful conduct, and the unreasonably dangerous and defective characteristics of Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit, plaintiff suffered severe physical injuries. Plaintiff endured substantial pain and suffering. Plaintiff has incurred significant expenses for medical care and treatment and will continue to incur such expenses in the future.

28. That as a result of the foregoing, plaintiff was caused to sustain damages in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this action, and in an amount exceeding $75,000.00, exclusive of interest and costs.

**AS AND FOR A SECOND CAUSE OF ACTION**
**STRICT PRODUCTS LIABILITY**

29. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs as if fully set forth herein.

30. At all times material to this action, Defendant was responsible for formulating, designing, developing, manufacturing, testing, packaging, promoting, marketing, distributing, labeling and/or selling Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit.

31. Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit are defective and unreasonably dangerous to consumers.

32. Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit are defective in their design or formulation or packaging in that it is not reasonably fit, suitable, or safe for their intended

purpose and/or their foreseeable risks exceed the benefits associated with their design, packaging and formulation.

33. At all times hereinafter mentioned to this action, Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit was expected to reach, and did reach, consumers in their individual States of residence and throughout the United States, including plaintiff herein, without substantial change in the condition in which it was sold.

34. At all times hereinafter mentioned to this action, Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit was designed, developed, manufactured, tested, packaged, promoted, marketing, distributed, labeled, and/or sold by Defendant in a defective and unreasonably dangerous condition at the time it was placed in the stream of commerce in ways which include, but are not limited to, one or more of the following particulars:

   a. When placed in the stream of commerce, Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit contained unreasonably dangerous design defects and was not reasonably safe as intended to be consumed and used, subjecting plaintiff to risks that exceeded the benefits of the products, including but not limited to the risks of developing severe and permanent physical injuries;

   b. When placed in the stream of commerce, Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit, was defective in its design, packaging and formulation, making the use of Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit more dangerous than an ordinary consumer would expect, and more dangerous than other risks associated with the other similar food products on the market;

   c. Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit's design and packaging defects existed before they left the control of the Defendant;

    d. Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit was insufficiently tested, i.e., Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit was capable of causing serious injuries that outweighed any potential utility;

    e. Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit were not accompanied by adequate instructions and/or warnings to fully apprise consumers of the full nature and extent of the risk associated with its use, thereby rendered defendant liable to plaintiff

35. At the time Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit left the control of the Defendant, there were practical and feasible alternative designs and methods to avoid adulteration of food that would have prevented and/or significantly reduced the risk of Plaintiff's injuries without impairing the reasonably anticipated or intended function of the products. These safer alternative designs were economically and technologically feasible and would have prevented or significantly reduced the risk of Plaintiff's injuries without substantially impairing the product's utility, flavor and taste.

36. Defendant knew or should have known that the ultimate consumer of this product would not, and could not, inspect Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit or otherwise investigate as to discover the defects and food adulteration described above.

37. Plaintiff used Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit in a manner reasonably foreseeable to Defendant, and in a manner that was reasonably foreseeable by Defendant as involving a substantial danger not readily apparent if adequate instructions regarding use and warnings of the danger were not given.

38. Plaintiff was a foreseeable user and consumer of Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit.

39. Defendant's actions described above were performed willfully, intentionally and with reckless disregard for the rights of plaintiff and the public.

40. Plaintiff reasonably relied upon the skill, superior knowledge and judgment of the Defendant.

41. The Defendant had a continuing duty to warn plaintiff of the dangers associated with Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit.

42. Had plaintiff received adequate warnings regarding the risks of Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit he would not have used Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit.

43. As alleged herein, as a direct and proximate result of the Defendant's negligence and wrongful conduct, and the unreasonably dangerous and defective characteristics of Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit, plaintiff suffered severe physical injuries. Plaintiff endured substantial pain and suffering. Plaintiff has incurred significant expenses for medical care and treatment and will continue to incur such expenses in the future.

44. That as a result of the foregoing, plaintiff was caused to sustain damages in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this action, and in an amount exceeding $75,000.00, exclusive of interest and costs.

## AS AND FOR A THIRD CAUSE OF ACTION
## BREACH OF WARRANTY

45. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs as if fully set forth herein.

46. The Defendant through its public statements, advertising, marketing, branding efforts, packaging/product labeling, online materials, and printed materials issued express warranties with respect to the utility, safety, quality, consumption, and functioning of their Del

Monte – 100 Calorie – Cherry- Chunky Mixed Fruit and the subject product in general and the subject product in particular.

47. Defendant expressly warranted that Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit was safe and fit for use by consumers including plaintiffs for its intended purpose, that it was of merchantable quality, that it did not produce any dangerous side effects, and it was adequately tested and fit for its intended use.

48. At the time of the making of the express warranties, Defendant knew or should have known that, in fact, said representations and warranties were false, misleading, and untrue in that Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit was not safe and fit for its intended use and, in fact, produces serious injuries to plaintiff and were a greater risk that other typical food products.

49. Plaintiff relied on the Defendant's express warranties.

50. Defendant breached said express warranties in that Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit was not safe and fit for its intended use and, in fact, caused debilitating and potentially lethal injuries with greater frequency that safer alternative food products.

51. As alleged herein, as a direct and proximate result of the Defendant's negligence and wrongful conduct, and the unreasonably dangerous and defective characteristics of Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit, plaintiff suffered severe physical injuries. Plaintiff endured substantial pain and suffering. Plaintiff has incurred significant expenses for medical care and treatment and will continue to incur such expenses in the future.

52. That as a result of the foregoing, plaintiff was caused to sustain damages in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this action, and in an amount exceeding $75,000.00, exclusive of interest and costs.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**BREACH OF IMPLIED WARRANTY**

53. Plaintiff repeats and realleges each and every allegation contained in the above paragraphs as if fully set forth herein.

54. Defendant impliedly warranted that the aforesaid product was of merchantable quality, safe and fit for the ordinary purpose for which the product is used and that proper and adequate warnings and safeguards respecting the potential risks dangers and hazards associated with the use of the produce were provided.

55. On April 23, 2021, Defendant breached the implied warranty of merchantability with respect to the aforesaid Monte – 100 Calorie – Cherry- Chunky Mixed Fruit in that the subject produce was defective, not of merchantable quality and unreasonably dangerous for its users in that the subject product's contained a large hard and sharp over 7 millimeter substance that caused the injury to plaintiff.

56. As alleged herein, as a direct and proximate result of the Defendant's negligence and wrongful conduct, and the unreasonably dangerous and defective characteristics of Del Monte – 100 Calorie – Cherry- Chunky Mixed Fruit, plaintiff suffered severe physical injuries. Plaintiff endured substantial pain and suffering. Plaintiff has incurred significant expenses for medical care and treatment and will continue to incur such expenses in the future.

57. That as a result of the foregoing, plaintiff was caused to sustain damages in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this action, and in an amount exceeding $75,000.00, exclusive of interest and costs.

## JURY TRIAL DEMAND

58. Plaintiff hereby demands a trial by jury.

## RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant as follows:

1. As to the First Cause of Action against defendant, for an indeterminate sum of not less than FIVE HUNDRED THOUSAND ($500,000) DOLLARS;

2. As to the Second Cause of Action against defendant, for an indeterminate sum of not less than FIVE HUNDRED THOUSAND ($500,000) DOLLARS;

3. As to the Third Cause of Action against defendant, for an indeterminate sum of not less than FIVE HUNDRED THOUSAND ($500,000) DOLLARS

4. As to the Fourth Cause of Action against defendant, for an indeterminate sum of not less than FIVE HUNDRED THOUSAND ($500,000) DOLLARS; and

5. As to all causes of action, the costs and disbursements of this action; a trial by jury of all issues set forth in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

LAW OFFICE OF CANER DEMIRAYAK, ESQ., P.C.

Dated: Brooklyn, New York
      September 5, 2021

_Caner Demirayak_
Caner Demirayak, Esq. (CD7920)
300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201
718-344-6048
Fax: 646-679-2527
caner@canerlawoffice.com